UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JEROME TALLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>SIDNEY R. THOMAS,<br><br>    Defendant. | Case No. 15-cv-05832-KAW<br><br>**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND; ORDER REASSIGNING CASE**<br><br>Re: Dkt. No. 1 |
|---|---|

## I.  INTRODUCTION

Plaintiff commenced the above-captioned case on December 18, 2015. (Compl., Dkt. No. 1.) He also filed an application to proceed in forma pauperis. (IFP App., Dkt. No. 2.) On January 5, 2016, the Court granted Plaintiff's application. (Order, Dkt. No. 5.) Because Plaintiff has not responded to the Clerk's Consent/Declination Notices, *see* Dkt. Nos. 6 & 7, the undersigned now RECOMMENDS that this case be DISMISSED WITHOUT LEAVE TO AMEND and DIRECTS the Clerk to REASSIGN this case to a district judge.

## II.  DISCUSSION

For the purposes of reviewing the complaint under 28 U.S.C. § 1915(e)(2), which the court must do where a plaintiff is found to be indigent and is granted leave to proceed in forma pauperis, the court must engage in a preliminary screening and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to . . .

1  mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Even when liberally construed, Plaintiff's complaint must be dismissed because it seeks relief against Sidney R. Thomas, Chief Judge for the Ninth Circuit Court of Appeals, who is immune from suit.  (*See* Compl.)  Chief Judge Thomas appointed the Honorable Lonny R. Suko, United States Senior District Judge for the Eastern District of Washington, to perform the duties of United States District Judge temporarily for the Western District of Washington.  (Compl., Exs. A & B.)  The purpose of the appointment was to have Judge Suko preside over 8 different cases commenced by Plaintiff.  (Compl., Exs. A & B.)  Based on this appointment, Plaintiff has now commenced the instant action, alleging that the Chief Judge's appointment somehow violated a duty owed to Plaintiff because the designation was not "made in the public interest but for the purpose of presiding over specific cases."  (Compl. at 3.)

The conduct Plaintiff complains of here constitutes a judicial act for which Chief Judge Thomas enjoys judicial immunity.  A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity, and unlike the judicial immunity available to state judges sued under 42 U.S.C. § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive, and other equitable relief.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*).  Accordingly, because Chief Judge Thomas is immune from suits stemming from actions performed in his judicial capacity, and such actions are the basis for the claims Plaintiff is attempting to assert here, the undersigned recommends that the action DISMISSED WITHOUT LEAVE TO AMEND.

The case management conference currently set for April 5, 2016 at 1:30 p.m. is VACATED.

///

///

United States District Court
Northern District of California

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: 04/01/2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge